IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KENNETH EASLEY,
    Petitioner,

vs.                                      Case No.: 5:15cv63/MW/EMT

N.C. ENGLISH, WARDEN,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This case is before the court on Petitioner's habeas petition, filed pursuant to 28 U.S.C. § 2241, and supporting memorandum (ECF Nos. 1, 2). Respondent filed a response to the petition (ECF No. 13), to which Petitioner replied (*see* ECF Nos. 18, 19).

      The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that the petition should be dismissed for lack of jurisdiction.

I.    BACKGROUND

      The relevant procedural history is supported by the attachments to Respondent's response (ECF No. 13-1, attachments). On August 8, 2011, Petitioner entered into a written plea agreement ("Plea Agreement") with the Government in the United States District Court for the Northern District of Alabama, Case No. 2:11-cr-00185-RDP-TMP, pursuant to which he agreed to plead guilty to the crime of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), and the Government agreed to dismiss the remaining two charges (ECF No. 13-1, Ex. K; *see also* ECF No. 1 at 1). The Plea Agreement provided that the maximum statutory sentence for the offense was imprisonment for not more than 10 years, with the proviso that Petitioner was subject to the

provisions of 18 U.S.C. § 924(e) (the Armed Career Criminal Act ("ACCA")), and was therefore subject to a mandatory term of imprisonment of not less than 15 years and not more than life (*id.*).[1] On December 15, 2011, the district court adjudicated Petitioner guilty and sentenced him, pursuant to the ACCA, to 210 months of imprisonment (ECF No. 13-1, Ex. A). *See* United States v. Easley, 2:11-cr-00185-RDP-TMP, Judgment (N.D. Ala. Dec. 20, 2011). Petitioner did not appeal the judgment (*see* ECF No. 1 at 1).

In December of 2012, Petitioner filed a motion to vacate sentence, pursuant to 28 U.S.C. § 2255. *See* Easley, 2:11-cr-00185-RDP-TMP, Motion to Vacate under 28 U.S.C. § 2255 (N.D. Ala. Dec. 26, 2012). He argued that he received ineffective assistance of counsel during sentencing, because counsel failed to argue that the predicate offenses used to impose the ACCA enhancement did not qualify for the enhancement because the offenses were possession of marijuana for personal use. *See id.* The district court denied the § 2255 motion on September 10, 2013. *Id.*, Order (N.D. Ala. Sept. 10, 2013).

Petitioner filed the instant § 2241 petition on March 25, 2015 (ECF No. 1). He challenges his sentence on the ground that the four prior convictions for unlawful possession of marijuana that were used to trigger the ACCA enhancement no longer qualify as a predicate offense under the ACCA, pursuant to the Supreme Court's decision in Descamps v. United States, — U.S. —, 133 S. Ct. 2276, 186 L. Ed 2d 438 (2013) (ECF No. 1 at 3). Petitioner contends he is "actually innocent" of the ACCA enhancement, and that his 210-month prison sentence exceeds the statutory maximum sentence of 10 years (*id.* at 3–5).

II. ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that

---

[1] Section 924(e) provides, in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1).

the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28 of the United States Code. *See* Hayman, 342 U.S. at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally-imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[2] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, *supra* (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). A collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, *supra*; Jordan, *supra*; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). A defendant may not circumvent the

---

[2] The Eleventh Circuit, in the en banc decision of Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added); Wofford, 177 F.3d at 1238 (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause." The savings clause imposes a subject-matter jurisdictional limit on § 2241 habeas petitions. *See* Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1338–40 (11th Cir. 2013).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the Eleventh Circuit articulated five requirements that are necessary to proceed with a § 2241 petition raising sentencing claims under the savings clause. To show that a § 2255 motion was "inadequate or ineffective to test the legality of his detention," Petitioner must establish that (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, the Eleventh Circuit's binding precedent had specifically addressed his sentencing claim and squarely foreclosed it; (2) subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Circuit precedent that had squarely foreclosed Petitioner's claim; (3) the new rule announced in the Supreme Court decision applies retroactively on collateral review; (4) as a result of the new rule being retroactive, Petitioner's current sentence exceeds the statutory maximum authorized by Congress; and (5) the savings clause in § 2255(e) reaches Petitioner's claim of illegal detention above the statutory maximum penalty. Bryant, 738 F.3d at 1274.

Petitioner relies upon the Supreme Court's decision in Descamps to satisfy the Bryant factors (*see* ECF Nos. 1, 2).[3] Respondent contends Petitioner cannot satisfy the second, third, fourth, or fifth prongs of Bryant (*see* ECF No. 13 at 5–7). As to the second prong, Respondent contends that

---

[3] In Descamps, the Supreme Court held that when faced with a prior conviction for violating an "indivisible" statute—i.e., one not containing alternative elements—sentencing courts may only apply the "categorical approach." 133 S. Ct. at 2281–82. The "categorical approach" requires a court to compare the elements of the statute forming the basis of the prior conviction with the elements of the "generic" version of that crime. *See id.* at 2283.

Eleventh Circuit precedent at the time of Petitioner's sentencing established that a conviction for possession of marijuana for other than personal use qualified as a predicate offense for purposes of the ACCA, *see* United States v. Robinson, 583 F.3d 1292, 1296–97 (11th Cir. 2009), but Descamps did not overturn that precedent. Further, Descamps was decided prior to final disposition of Petitioner's § 2255 motion and was thus available to him. As to the third prong, Respondent argues that Descamps did not announce a "new rule" of law, and instead applied a prior precedent, Taylor v. United States, 495 U.S. 575 (1990), to reaffirm that courts may not use the "modified categorical approach" to determine whether convictions under "indivisible" statutes are predicate offenses under the ACCA. Therefore, Descamps is not retroactively applicable on collateral review. As to the fourth and fifth prongs, Respondent argues that the sentencing court properly enhanced Petitioner's sentence under the ACCA, therefore, his sentence of 210 months did not exceed the statutory maximum under the ACCA, which was life imprisonment;.

In his reply, Petitioner presents copies of pleadings filed by the Government in other cases, in which the Government conceded that Descamps announced a substantive rule that was retroactively applicable on collateral review (ECF Nos. 18, 19). One pleading is a supplemental brief filed by the Government in the defendant's appeal of the denial of his § 2255 motion to the Eleventh Circuit in Spencer v. United States, No. 10-10676-U, Appellee's Supplemental Brief (11th Cir. May 21, 2014) (ECF No. 18). The other is a supplemental memorandum filed by the Government in response to a § 2255 motion filed by the defendant in a case in the United States District Court for the Southern District of California, United States v. Isidoro, No. 3:13-cr-00394-WQH, Supplemental Briefing (S.D. Cal. Sept. 2, 2013) (ECF No. 19).

This court need look no further than the second Bryant factor. That factor requires Petitioner to establish that subsequent to his first § 2255 proceeding, a Supreme Court decision overturned Eleventh Circuit precedent that had squarely foreclosed his sentencing claim. The Supreme Court decided Descamps on June 20, 2013. The district court denied Petitioner's § 2255 motion on September 10, 2013, after the Supreme Court decided Descamps. Because Descamps was not

decided subsequent to Petitioner's § 2255 proceeding, he may not obtain relief under § 2241 via the savings clause of § 2255(e).[4]

III. CONCLUSION

Review under § 2241 is unavailable because Petitioner challenges the validity of his sentence, not simply the execution of an initially valid confinement. Furthermore, he has not shown he is entitled to review via the savings clause of § 2255(e). Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DISMISSED for lack of jurisdiction**; and

2. That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 16th day of November 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[4] The court additionally notes that although neither the Supreme Court nor the Eleventh Circuit has decided whether Descamps is retroactively applicable on collateral review, the Eleventh Circuit has indicated, albeit in unpublished opinions, that Descamps does not apply retroactively to cases on collateral review and, therefore, is not a proper basis for granting relief under § 2241 via the savings clause of § 2255(e). *See, e.g.*, Abney v. Warden, No. 15–10088, 2015 WL 4546193, at *3–4 (11th Cir. July 29, 2015) (unpublished but recognized for persuasive authority); King v. United States, 610 F. App'x 825, 829 (11th Cir. 2015); Wilson v. Warden, FCC Coleman, 581 F. App'x 750, 753 (11th Cir. 2014) (per curiam) ("The Supreme Court itself has not expressly declared Descamps to be retroactive to cases on collateral review. Moreover, Descamps was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.").